IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:07-CR-00017-F-1
No. 2:11-CV-0069-F

| | |
|---|---|
| JAMES EARL WALTON,<br>          Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>          Respondent. | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-38] James Earl Walton's pending Motion to Vacate, Set Aside, or Correct pursuant to 28 U.S.C. § 2255 [DE-36]. Walton contends that he was improperly sentenced as a career offender, in light of the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In its Motion to Dismiss, the Government alleges that dismissal is warranted for the following reasons: Walton's claim is barred by the waiver in his plea agreement; Walton's § 2255 is untimely; and Walton has procedurally defaulted on his § 2255 claim and cannot demonstrate cause or actual innocence to excuse his procedural default.

**Factual Background**

On August 15, 2007, Walton was charged in a four-count indictment. *See* Indictment [DE-1]. In Count One, he was charged with conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846; in Count Two he was charged with possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1); in Count Three he was charged with possession of firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and in Count Four he was charged

with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *Id.* On January 7, 2008, pursuant to a written plea agreement [DE-17], Walton entered a plea of guilty to Counts One and Three of the Indictment. [DE-22.]

The U.S. Probation Office determined that Walton was a career offender, based on his prior state conviction in 1999 for Possession of a Schedule II Controlled Substance With Intent to Sell or Deliver[1] and his prior federal conviction in 2000 for Possession With Intent to Distribute Crack Cocaine (Cocaine Base). Pre-Sentence Report (PSR), ¶¶ 15, 16, 21. Walton did not object to this finding. On May 29, 2008, Walton was sentenced to a term of 240 months' imprisonment on Count One and a consecutive 60 months' imprisonment for Count Three.[2] *See* Judgment [DE-30]. Walton's sentence with respect to Counts One and Three was set to run consecutive with any sentence he was currently serving. *Id.* Walton did not file an appeal.

## I. Waiver

The Government argues that Walton's § 2255 is barred by the waiver he signed in his plea agreement. [DE-39]. The Government contends that the waiver in his plea agreement allows only for post-conviction relief for ineffective assistance of counsel or prosecutorial misconduct and notes that neither have been raised by Walton in his § 2255. *Id.* The Government argues that any claim by Walton that he did not knowingly and voluntarily enter into his plea agreement has been foreclosed because he did not pursue the issue on direct appeal. *Id.*

---

[1] In its Reply, the Government concedes that pursuant to *Simmons*, Walton's conviction for Possession of a Scheduled II Controlled Substance With Intent to Sell or Deliver was not punishable by more than one year imprisonment, and as such, the conviction cannot serve as a predicate for career offender status. [DE-47.]

[2] The court granted the Government's motion for a downward departure based on substantial assistance.

2

Walton contends that the doctrine of mutual mistake voids the plea agreement. [DE-46]. Specifically, Walton argues that both parties entered into the plea agreement with the mutual understanding that Walton had been convicted of crimes that served as predicates for career offender sentencing. *Id.* Walton contends that in light of this factual and legal mistake, it would be patently unfair to require him to abide by the plea agreement and deny his request for relief. *Id.* Finally, Walton argues that even if this court should find that he knowingly entered into the collateral attack waiver, his § 2255 falls outside the scope of the waiver. *Id.*

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

Walton's plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waiver all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

3

Plea Agreement [DE-17]. The undersigned finds that Walton's waiver was both knowing and voluntary. Moreover, even if it were not, Walton is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")

Walton's § 2255 does not raise claims of ineffective assistance of counsel or prosecutorial misconduct. As such, Walton has waived the right to pursue the claim he has set forth in his § 2255.

## II. Timeliness

The Government argues that even assuming Walton did not waive his right to file a § 2255 motion, his claim is untimely under 28 U.S.C. § 2255(f). [DE-39.] Specifically, it argues that the claims are untimely if viewed under subsections (f)(3) or (f)(4) of 28 U.S.C. § 2255. *Id.*

Walton argues that his motion is best viewed under (f)(4) and is timely when viewed under this subsection because his motion was filed within one year of the Fourth Circuit's decision in *Simmons*.[3] [DE-46.] Citing *Johnson v. United States*, 544 U.S. 295 (2005), Walton argues that the Supreme Court explained that new case law constitutes a new fact supporting the claim under (f)(4) and therefore re-starts the one-year limitations period. *Id.*

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

---

[3]*Simmons* was decided on August 17, 2011.

4

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of - -

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Walton has not shown that his motion is timely under (f)(3). In *Simmons*, the Fourth Circuit interpreted the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. ----, 130 S.Ct. 2577 (2010). The Supreme Court issued its decision in *Carachuri-Rosendo* on June 14, 2010, and Walton filed the instant § 2255 motion on December 5, 2011, at the earliest.[4] Thus, Walton filed his motion well over a year after *Carachuri-Rosendo* was decided.

In addition to the need to file the motion within one year of the decision recognizing the new right, the second clause of subsection (f)(3) requires that the right have been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In *United States*

---

[4]A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. Walton dated his signature on the § 2255 motion as December 5, 2011.

5

*v. Powell*, 691 F.3d 554 (4th Cir. 2012), the Fourth Circuit Court of Appeals held that *Carachuri-Rosendo* announced a procedural rather than a substantive rule and therefore is not retroactively applicable to cases on collateral review. For these reasons, Walton's motion is not timely under (f)(3).

Walton's argument that his motion is timely under (f)(4), in light of the Fourth Circuit's decision in *Simmons*, also lacks merit. Section 2255(f)(4) provides that the one-year limitations period begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence." While it's true that under *Johnson v. United States*, "facts" may include court rulings and the legal consequences of known facts, the court ruling must have occurred in the petitioner's *own* case. *Thaggard v. United States*, No. 4:02-CR-41-1H, 2013 WL 81380, at *2 (E.D.N.C. Jan. 7, 2013); *Dailey v. United States*, No. 7:06-CR-36-BO, 2012 WL 5471156, at *1 (E.D.N.C. Nov. 9, 2012); *United States v. Hardison*, No. 4:08-CR-77-FL-2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011). Accordingly, the court ruling in *Simmons* does not serve as a "fact" triggering the provisions of § 2255(f)(4).

Walton argues that if the court should find that his petition is not timely under (f)(4), then the doctrine of equitable tolling should be applied. [DE-46.] Specifically, Walton contends that he is serving a sentence that is at least 74 months more than the guidelines recommend, and it is unconscionable to deny him relief simply because he failed to abide by the time limit. *Id.* Walton contends that he exercised reasonable diligence by filing his § 2255 as soon as practicable after his claim for relief arose under *Simmons*, and in addition, the change in Fourth

6

Case 2:07-cr-00017-F Document 49 Filed 03/28/13 Page 6 of 8

Circuit law brought about by *Simmons* was an "extraordinary circumstance." *Id.*

The Government contends that equitable tolling does not apply because the Fourth Circuit's decision in *Simmons* is not an "extraordinary circumstance" that supports equitable tolling. [DE-47.] Additionally, the Government argues that even if *Simmons* could be characterized as an "extraordinary circumstance," Walton cannot show that the decision prevented him from filing his § 2255 claim on time. *Id.*

In *Holland v. Florida,* —— U.S. ——, 130 S.Ct. 2549 (2010)[5], the Supreme Court affirmed that equitable tolling applies to the AEDPA. In *Holland,* the Court explained that in order to be entitled to equitable tolling, the movant must show: (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *See id.* at 2562.

The undersigned concludes that Walton has failed to show the existence of an "extraordinary circumstance." In a similar case in this District, the Honorable Malcolm J. Howard, Senior United States District Judge held:

> The court finds there is nothing extraordinary or rare about the circumstances in which this defendant finds himself. There are many defendants in the same procedural dilemma as this defendant. Yet, the Fourth Circuit has spoken definitely in *Powell,* holding that *Carachuri–Rosendo* is not retroactively applicable on collateral review and foreclosing a remedy under section 2255 for many defendants within this circuit. Finding no actual innocence claim or other extraordinary circumstances in this case, and in light of the Fourth Circuit's decision in *Powell,* the court declines to equitably toll the statute of limitations in this matter. Therefore,

---

[5]Although *Holland* concerned a state prisoner's federal habeas action, its rationale has been applied to federal prisoners' § 2255 actions. *See, e.g., Mubang v. United States,* No. DKC 03–0539, 2011 WL 3511078, at *15 n.17 (D.Md. Aug. 9, 2011) (citing *United States v. Terrell,* No. 10–6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010); *United States v. Oriakhi,* No. 08-8224, 394 Fed. Appx. 976, 977-78 (4th Cir. 2010)).

7

petitioner's motion must be dismissed as untimely.

*Grimes v. United States*, No. 5:09-CR-103-1H, 2013 WL 140041, at *2 (E.D.N.C. Jan. 10, 2013). Thus, the undersigned finds that Walton is not entitled to equitable tolling.

For the foregoing reasons, the Government's Motion to Dismiss [DE-38] is ALLOWED. It further is ORDERED that Walton's § 2255 motion [DE-36] seeking relief in the instant case on *Simmons* grounds is DISMISSED.

The undersigned further concludes that Walton has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 28th day of March, 2013.

James C. Fox
Senior United States District Judge