IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:07-CR-00017-F-1
No. 2:16-CV-00049-F

| | |
|---|---|
| JAMES EARL WALTON,       ) | |
| Petitioner,       ) | |
| ) | |
| v.       ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA,       ) | |
| Respondent.       ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-76] James Earl Walton's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-70, -72].[1] The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully addressed below, the Government's Motion to Dismiss is ALLOWED and Walton's Motion to Vacate is DISMISSED.

**I. Factual and Procedural Background**

On August 15, 2007, Walton was charged in a four-count indictment. *See* Indictment [DE-1]. In Count One, Walton was charged with conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. Count Two charged Walton with possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). In Count Three, Walton was charged with possession of firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Count Four charged Walton with being a felon in possession of a firearm, in violation of 18 U.S.C.

---

[1] Walton's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-70], which was filed on June 27, 2016. At the court's direction, Walton filed a "conforming" motion [DE-72] on July 18, 2016.

§§ 922(g)(1) and 924.

At Walton's arraignment, held on January 7, 2008, he entered a plea of guilty to Counts One and Three, pursuant to a written plea agreement [DE-23]. It was agreed that the Government would dismiss Counts Two and Four at sentencing. *Id.* at 8.

On May 29, 2008, Walton was sentenced to 240 months' imprisonment on Count One and 60 months' imprisonment on Count Three, to run consecutively. *See* Judgment [DE-30]. Walton's sentence was set to run consecutive with any sentence he was currently serving. *Id.* Walton did not file a direct appeal.

On December 6, 2011, Walton filed a motion pursuant to 28 U.S.C. § 2255 [DE-36]. On March 28, 2013, this court allowed the Government's Motion to Dismiss Walton's motion.

Walton's instant § 2255 motion [DE-70, -72] was filed on July 18, 2016. In his motion, Walton's sole argument is that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer qualifies as a "career criminal." Mot. Vacate [DE-72] at 4. Specifically, Walton contends that his prior convictions that were considered crimes of violence no longer qualify as such. *Id.*

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

2

## III. Discussion

**Walton has failed to satisfy the requirements of 28 U.S.C. § 2255(h).**

As noted, this is not Walton's first § 2255 motion. Therefore, Walton must satisfy the requirements set forth in 28 U.S.C. § 2255(h), which provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The record does not reflect that the Fourth Circuit Court of Appeals has authorized Walton to pursue his second or successive § 2255 motion. Consequently, Walton's § 2255 motion is an unauthorized second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). Moreover, while not every numerically second case is deemed second or successive, Walton has not alleged facts to show that the instant motion is not successive. *See e.g., United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that a numerically second § 2255 motion should not be considered second or successive under § 2255(h) where the facts relied on by the movant did not exist when his first motion was filed and adjudicated); *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999) (holding that when a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, his collateral attack count is reset to zero).

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-76] is ALLOWED and Walton's Motion to Vacate [DE-70, -72] is DISMISSED.

3

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 16 day of September, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge