IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:07-CR-17-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES WALTON | ) | |

This cause comes before the Court on defendant's *pro se* motion for a reduced sentence pursuant to the First Step Act. [56-1]. For the reasons that follow, defendant's motion for a reduced sentence is denied.

## BACKGROUND

Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and one count of using and carrying firearms during and in relation to a drug-trafficking offense, [DE 22], and was sentenced on May 29, 2008 to a total term of three hundred months' imprisonment and five years of supervised release. [DE 30]. Defendant now seeks a reduction in his sentence pursuant to Section 404 of the First Step Act.[1]

In August 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 11-220, 124 Stat. 2372, modifying the statutory penalties for certain crack offenses. The Fair Sentencing Act established new thresholds for mandatory minimum sentences. For example, a defendant previously found responsible for at least fifty grams of crack faced a mandatory minimum of ten years' imprisonment; the Fair Sentencing Act raised the ten-year mandatory minimum threshold

---

[1] The Office of the Federal Public Defender was appointed pursuant to 19-SO-3, but was permitted to withdraw after it determined it would not be filing any motions on defendant's behalf. [DE 95, 98].

to 280 grams. The Fair Sentencing Act, however, was not made retroactive, so it was inapplicable to individuals who had already been sentenced and who were no longer on direct review. In December 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which—among other things—made the Fair Sentencing Act's new crack thresholds retroactively applicable to defendants who had been sentenced prior to August 3, 2010.

DISCUSSION

The First Step Act authorizes courts to impose reduced sentences "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. 115-391, 132 Stat. 5194, § 404(b). A "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a). But the First Step Act also provides that courts shall not reduce a sentence if it "was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce a sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.* § 404(c). The First Step Act also makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* In other words, if a defendant committed a crack offense prior to August 3, 2010, the statutory penalties for which were modified by the Fair Sentencing Act, and that defendant did not already receive the benefit of the Fair Sentencing Act or have a prior motion under Section 404 of the First Step Act denied on the merits, the defendant is facially eligible for a reduced sentence.

As defendant's offense relates solely to powder cocaine, it is not a "covered offense." *United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Defendant claims that his offense is

covered because, in the presentence investigation report, "a marijuana equivalent was used to determine the total quantity of drugs since the multi-object drug conspiracy consisted of both powder cocaine and cocaine base." [DE 110]. However, in the analysis of determining a "covered offense," the Court looks at the offenses for which defendant pleaded guilty. *See Gravatt*, 954 F.3d at 263–64 (considering that the defendant "*pled guilty* to knowingly and willfully conspiring with others to unlawfully possess with intent to distribute [ ] 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine" and stating that "we must decide whether [defendant] was convicted of a 'covered offense' *where he was charged* conjunctively with conspiring to distribute both powder cocaine and crack cocaine" (emphasis added)). Therefore, since defendant was charged with and pleaded guilty to a charge involving powder cocaine, not crack cocaine, he is not entitled to relief under the First Step Act.

In his motion to amend his motion for reduction in sentence, defendant argues that he satisfies the requirements of the "savings clause" of 28 U.S.C. § 2255(e). Even if the Court construes this amended filing as a motion pursuant to 28 U.S.C. § 2241, the motion fails as a matter of law. Defendant challenges the validity, not the execution, of his sentence. Thus, defendant generally must seek relief under § 2255. *See United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (per curiam); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Defendant "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (quoting the "savings clause" of 28 U.S.C. § 2255(e)); *see also In re Vial*, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief

3

under that provision [ ] or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)).

Under the "savings clause" test announced in Wheeler, section 2255 relief is "inadequate or ineffective" to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). If defendant cannot satisfy the "savings clause" test, the court lacks jurisdiction to consider the petition on the merits. *Id.* at 423; *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).

Defendant fails to satisfy the prongs of this test. Defendant asserts that he is entitled to relief due to a change in substantive law based on the *Summons* opinion entered on August 17, 2011, which was determined to apply retroactively in the *Miller* opinion entered on August 21, 2013. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011); *Miller v. United States*, 735 F.3d 141, 144 (4th Cir, 2013). Defendant's prior § 2255 motion was not resolved by the Fourth Circuit Court of Appeals until October 3, 2013 [DE 54], which was after the Fourth Circuit decided *Miller*. 735 F.3d. Therefore, defendant is not able to satisfy the second prong of the "savings clause" test and his argument fails as a mater of law.

## CONCLUSION

For the above reasons, defendant's motion for a reduction in sentence and his motion to amend his motion for a reduction in sentence [DE 101, 102] are DENIED.

4

SO ORDERED, this \_6\_ day of October, 2020.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE