FILED
OCT 12 2022
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

NORTHERN DIVISION

------

UNITED STATES OF AMERICA,

    Plaintiff,

                            Case No. 2:07-CR-00017-F1

    v.

JAMES EARL WALTON

    Defendant.

------

## SECOND MOTION FOR COMPASSIONATE RELEASE

------

The defendant, James Earl Walton. Pro se, seeks compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i), for the reasons set forth below:

1. The defendant has satisfied the exhaustion requirement of Section 3582(c)(1)(A)(i), by filing a request with the warden at FCI Danbury, his previous place of confinement, for compassionate release on the grounds asserted in this motion.

2. In granting in part, the previous motion for compassionate release on May 28, 2021, the term of imprisonment to run concurrent instead of consecutive to the defendant's 37 month supervised release violator term of imprisonment.

3. In asking the Court to reconsider its May 28, 2021, ruling, the defendant invites the Court's attention to the Supreme Court's intervening decision in Concepcion v United States, ___ U.S.---

1

(June 27, 2022), which holds that district court judges have wide discretion in the information they can consider in deciding motions under the FIRST STEP ACT, including intervening changes in the law.

4. The government has previously conceded that were the defendant sentenced today, he would not be a career offender under U.S.S.G. Section 4B1.2. (See Government's Reply to defendant's response to motion to dismiss Section 225 motion in case number 2:11-CV-0069-F)

5. Courts have routinely reconsidered denials of compassionate release. See United States v Rehmad, 2020 U.S. Dist. LEXIS 213883 (S.D.N.Y., Nov. 16, 2020) (granting compassionate release upon reconsideration).

6. Since the Court's May 28,2021 ruling in this case, the Federal Bureau of Prisonsa has changed the defendant's recidivist risk assessment to "low", which shows that his release at this time would not pose a danger to the community.

7. The defendant has a release plan confirmed by the U.S. Probation Department. The defendant will seek entry level employment in the food service industry. The defendant will obtain a healthcare plan from his employer upon his release.

8. Most of all, the defendant requests that the Court consider that he has begun the atonement process by separating himself from the proverbial "herd", by committing himself to a law-abiding life upon his release.

9. The defendant would consent to the strictest terms of supervision, including GPS ankle bracelet monitoring and a curfew.

## CONCLUSION

The defendant requests that the instant motion be granted.

Respectfully submitted,

S/James Earl Walton

JAMES EARL WALTON, Pro Se

Dated: October 6, 2022

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

3

## PROOF OF SERVICE

This is to certify that a copy of the foregoing Motion for Compassionate Release has been mailed to Dennis Duffy, NC, 27601, this 6th day of October 2022, via first class mail.

s/James Earl Walton

James Earl Walton

4

Case 2:07-cr-00017-BO   Document 162   Filed 10/12/22   Page 4 of 4