UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:07-CR-17-BO
No. 2:22-CV-35-BO

| | |
|---|---|
| JAMES EARL WALTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | MEMORANDUM IN SUPPORT |
| v. ) | OF MOTION TO DISMISS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Petitioner James Earl Walton filed the instant pro se petition pursuant to 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence raising five grounds for relief. [D.E. 158]. Petitioner's first three grounds for relief are based on his assertion that 18 U.S.C. § 927(c), which he was convicted of violating, is unconstitutional in light of New York State Rifle & Pistol Association v. Bruen, 547 U.S. ___, 142 S. Ct. 2111 (2022). [D.E. 158 pp. 5–8]. Petitioner also alleges he was mischaracterized as a career offender under the United States Sentencing Guidelines and thus his sentence violates the Fifth Amendment's Due Process Clause and 18 U.S.C. § 3553(a). [D.E. 158 p. 9]. Petitioner's final claim is that he received constitutionally ineffective assistance of counsel because his counsel did not raise the Second Amendment or sentencing issues prior to Petitioner's conviction or sentencing. [D.E. 158-1 p. 7].

The Court should dismiss the petition for five separate and distinct reasons. First, the Court lacks jurisdiction because the petition is successive and Petitioner did not get authorization from the Fourth Circuit. Second, Petitioner's claims are all

untimely because the petition was filed more than a year after Petitioner's criminal judgment became final. Third, Petitioner's plea agreement waived his right to collateral review for all claims except ineffective assistance of counsel. Fourth, the claim that Petitioner was mischaracterized as a career offender is not cognizable on collateral review. Finally, Petitioner has not stated facts plausibly supporting a claim for ineffective assistance of counsel.

## STATEMENT OF FACTS

On August 15, 2017, the Grand Jury returned a four-count indictment against Petitioner for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 846(a)(1) (Count 1 and 2); Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) (Count 3); and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) (Count 4). [D.E. 1]. On January 7, 2008, Petitioner pleaded guilty to Counts 1 and 3. [D.E. 23]. On May 29, 2008, Petitioner was sentenced to 300 months in prison to run consecutively with any sentence Petitioner was already serving. [D.E. 30]. Part of this sentence was a result of Petitioner being deemed a career offender under the Sentencing Guidelines. [D.E. 85 p. 7]. As Petitioner was already serving a 37-month sentence for violation of supervised release following a prior conviction, [D.E. 85 p. 7], his total sentence was 337 months.

Petitioner did not appeal his final judgment within the 14-day period allowed by Federal Rule of Appellate Procedure 4(b)(1)(A). Instead, Petitioner began challenging his conviction and sentence through various motions. The first was on

2

August 17, 2008 when he filed a motion to discontinue sentence. [D.E. 31]. It was denied on October 5, 2009. [D.E. 33].

Two years later, on December 6, 2011, Petitioner filed his first 28 U.S.C. § 2255 petition. [D.E. 36]. In that petition, Petitioner claimed his sentence was unlawful in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because it made his characterization as a career offender under the Sentencing Guidelines incorrect. [D.E. 46]. On March 28, 2013, the Court granted the Government's motion to dismiss on the grounds Petitioner waived his right to collateral review in his plea agreement and as untimely. [D.E. 49]. Petitioner appealed the dismissal on April 18, 2013, but the Fourth Circuit dismissed the appeal on October 3, 2013. [D.E. 54].

While Petitioner did not petition for a writ of certiorari, on May 12, 2014, he moved for reconsideration of the district court's decision in an attempt supplement his 28 U.S.C. § 2255 petition with additional facts on the theory the new information could be related back. [D.E. 58]. The motion was denied on July 16, 2014. [D.E. 62]. Petitioner continued his motion practice by filing a motion to reduce sentence on May 22, 2015. [D.E. 63]. That motion was denied on January 5, 2016. [D.E. 67].

Petitioner then filed his second 28 U.S.C. § 2255 petition on June 27, 2016. [D.E. 70]. In that petition, Petitioner once again argued his classification as a career criminal was incorrect; this time in light of Johnson v. United States, 576 U.S. 591 (2015). [D.E. 70 p. 5]. On August 16, 2016, the petition was dismissed for lack of subject matter jurisdiction because the petition was a successive petition that had not been authorized by the Fourth Circuit, as required by 28 U.S.C. § 2255(h). [D.E.

80 p. 3]. Petitioner again appealed the dismissal, [D.E. 82], and the Fourth Circuit again dismissed the appeal, [D.E. 87].

After withdrawing one motion to reduce sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5222, [D.E. 100], on January 23, 2020, Petitioner filed another such motion pro se. [D.E. 101]. That motion was denied on October 7, 2020, [D.E. 112], and the denial was affirmed on appeal. [D.E. 116].

Petitioner then turned to a motion for compassionate release, which he filed on May 11, 2021. [D.E. 119]. On August 26, 2021, the Court granted the motion in part, modifying Petitioner's sentence pursuant to 18 U.S.C. § 3582(c) so that his 37-month supervised release revocation sentence now runs concurrently with, rather than consecutive to, his 300-month sentence. [D.E. 132]. All other terms of Petitioner's original judgment remained in effect. [D.E. 132]. Less than six months later, on January 4, 2022, Petitioner filed another motion to modify his sentence. [D.E. 141]. On July 21, 2022, the Court denied that motion. [D.E. 152]. On July 25, 2022, Petitioner filed a motion for immediate release. [D.E. 153]. The Court denied that motion on September 19, 2022. [D.E. 153].

On August 31, 2022, Petitioner filed the instant pro se 28 U.S.C. § 2255 petition to vacate, correct, or set aside his sentence. [D.E. 158].[1] In this, his third § 2255

---

[1] On February 28, 2022, Petitioner also filed a motion pursuant to 28 U.S.C. 2241 in in the District of Minnesota, <u>Walton v. Fikes</u>, 0:22-cv-00506 (D. Mn), D.E. 1., which was subsequently transferred to the Eastern District of North Carolina,

petition, Petitioner asserts five claims. Three are based on the same contention: that, in light of Bruen, 18 U.S.C. § 927(c) is unconstitutional under the Second Amendment. [D.E. 158 pp. 5–8]. Petitioner argues this case makes the statute unconstitutional both on its face and as applied, [D.E. 158 pp. 5–6], and that the indictment fails to state an offense within the Court's subject matter jurisdiction, [D.E. 158 p. 8]. In addition, Petitioner argues that his sentence violates the Fifth Amendment's Due Process Clause and 18 U.S.C. § 3553(a) because he was considered a career offender. [D.E. 158 p. 9]. Petitioner also claims he received ineffective assistance of counsel because his counsel did not raise the preceding Second Amendment and sentencing claims when Petitioner was convicted or sentenced. [D.E. 158-1 p. 7].

## STANDARD OF REVIEW

In order to succeed in a petition under § 2255 to vacate, correct or set aside a sentence, a petitioner must demonstrate that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner must also abide by the one-year statute of limitation in order to timely file a § 2255 petition. 28 U.S.C. § 2255(f).

---

Walton v. Fikes, 0:22-HC-02071-FL (E.D.N.C.), D.E. 6]. Petitioner makes similar substantive claims as those raised in this petition. Id. D.E. 1, 10. The Government is filing a notice of related case.

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [Petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Petitioner's allegations must "plausibly establish[] the elements of his asserted cause of action." United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency, 745 F.3d 131, 146 (4th Cir. 2014). "'[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.'" United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)). "The court is not required to hold an evidentiary hearing if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Williams v. United States, No. 5:09-CR-317-D, 2013 WL 11332832, at *3 (E.D.N.C. Sept. 9, 2013) (quoting 28 U.S.C. § 2255(b); citing United States v. White, 366 F.3d 291, 296–97 (4th Cir. 2004).

Rule 12(b)(1) of the Federal Rules of Procedure provides for dismissal if the court lacks subject matter jurisdiction. When deciding if the court has subject matter jurisdiction, evidence outside the pleadings can be considered and the motion is not converting into one for summary judgment. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (quoting Mortensen

v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)). The party asserting subject matter jurisdiction has the burden of proving it. Richmond, Fredericksburg, & Potomac R.R. CO., 945 F.2d at 768 (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982)).

## ARGUMENT

The instant Petition should be dismissed for at least five reasons. The Court does not have jurisdiction because this is a successive petition that the Fourth Circuit has not authorized; the petition is untimely because Petitioner filed it more than a year after his criminal judgment became final; Petitioner waived his right to collateral review for all his claims except ineffective of counsel; Petitioner's claim that his sentence is unlawful because he was mischaracterized as a career offender is not cognizable on collateral review; and Petitioner has not sufficiently stated a claim for ineffective assistance of counsel.[2]

### A. The Court lacks jurisdiction because the petition is an unauthorized successive petition.

First, the entire petition should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction. Petitioner has filed two prior 28 U.S.C. §

---

[2] The Government provides multiple reasons why the instant petition warrants dismissal in its entirety. Another alternative ground for dismissal is that Petitioner procedurally defaulted all his claims by not raising them on direct appeal. Petitioner did not appeal his conviction or sentence, and errors cannot be reviewed collaterally if they were not raised at appeal unless the Petitioner "show[s] cause and actual prejudice resulting from errors of which he complains or [] that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). Petitioner has not ventured to meet this burden.

7
Case 2:07-cr-00017-BO   Document 166   Filed 10/17/22   Page 7 of 18

2255 petitions, [D.E. 36; D.E. 49], making this petition successive. Section 2244 requires Petitioner obtain authorization from the Fourth Circuit. 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has not obtained "pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) abrogated in part on other grounds by United States v. McRae, 793 F.3d 392 (4th Cir. 2015). Indeed, Petitioner's second 28 U.S.C. § 2255 petition was dismissed for this very reason. [D.E. 80 p. 3].

The petition at hand has both repetitive and abusive claims. In Petitioner's previous 28 U.S.C. § 2255 petitions, he challenged his sentence on the basis he was mischaracterized as a career offender under the Sentencing Guidelines. [See D.E. 36 p. 4; D.E. 72 p. 4]. He does so again here, [D.E. 158 p. 9], and the claim is thus repetitive, Winestock, 340 at 204 (repetitive claims are those "presented in previous applications"). Petitioner's first and second petitions challenged the mischaracterization as unlawful following decisions by the Fourth Circuit and Supreme Court that occurred after Petitioner's sentencing. [D.E. 36 p. 4] (implying Simmons changed the law and made Petitioner's sentence illegal); [D.E. 72 p. 4] (same with respect to Johnson). The instant petition asserts the mischaracterization resulted in a violation of the Fifth Amendment and 18 U.S.C. § 3553(a). [D.E. 158 p. 9]. But Petitioner cannot get around the bar on successive petitions by rephrasing the claim. All three petitions are the same: a change in law post-sentencing made his

8

classification as a career offender, and thus his sentence, unlawful. The claim is, once again, impermissibly repetitive.

The other two claims are abusive because Petitioner could have asserted them in earlier petitions but failed to. See Winestock, 340 F.3d at 204; see also United States v. Oliver, 865 F.2d 600, 604–05 (4th Cir. 1989). In other words, Petitioner cannot escape § 2255(h)'s requirement to get Fourth Circuit authorization, because his claims rely on facts that existed when he filed his pervious petitions. See e.g., United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (holding that a § 2255 petition, even if it follows other such petitions, is not successive under § 2255(h) if the facts subsequent petition relies on did not exist when the previous petitions were filed). To the extent the ineffective assistance of counsel claim is based on counsel's failure to object to Petitioner's characterization as a career offender, the fact Petitioner challenged that characterization in his two previous petitions shows he could have raised the claim then.

In addition, Petitioner knew of the legal basis for his claim that § 924(c) violates the Second Amendment, and that his counsel was allegedly ineffective by failing to raise such argument, when he filed his two previous petitions. That is because Bruen did not recognize a new constitutional right but clarified the Court's decision District of Columbia v. Heller, 554 U.S. 570 (2008). See infra at 13. That 2008 decision preceded both of Petitioner's previous 28 U.S.C. § 2255 petitions, which were filed in 2011 and 2016 respectively. Indeed, Petitioner admits the legal basis was available to his counsel as early as 2008 when Petitioner was sentenced: "the

9
Case 2:07-cr-00017-BO   Document 166   Filed 10/17/22   Page 9 of 18

Supreme Court's recent decision in Bruen was clearly foreshadowed by earlier Supreme Court Second Amendment jurisprudence." [D.E. 158 at 7] (underline added). Thus, Petitioner's "failure to assert" the ineffective assistance of counsel and Second Amendment claims "in the prior 2255 motion[s] violate[s] the procedure, the letter and spirit" of the rules of 28 U.S.C. § 2255. See Oliver, 865 F.2d at 605.

Petitioner's claims are all defeated by the bar of successive petitions and thus warrant the Fourth Circuit rejecting to authorize the entire petition.[3] Yet, even assuming one claim would not be barred, Petitioner still must seek authorization for the petition in its entirety. "[T]he jurisdictional effect of § 2244(b)(3) extends to **all** claims in the application, including those that would not be subject to the limits on successive applications if presented separately." Winestock, 340 F.3d at 205 (emphasis added).

To the extent the Court finds that Petitioner argues this is not a successive petition because his sentence was modified when the Court partially granted

---

[3] To authorize the petition, the Fourth Circuit must certify that it contains either
- "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
- (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

Petitioner does not claim he has discovered new evidence that would establish he is innocent of the charges he plead to. Further, as noted, Bruen did not create a new rule of constitutional law, let alone one that the Supreme Court made retroactive.

Petitioner's motion for compassionate release August 26, 2021, his argument fails. A petition is not successive within the meaning of § 2244(b) if it is challenging an intervening judgment. In re Gray, 850 F.3d 139, 144 (2017). But Petitioner's sentence was merely modified pursuant to 18 U.S.C. 3582(c). [D.E. 137]. "The plain text of § 3582(b) clearly states that this later modification does not affect the date on which [the petitioner's] judgment of conviction became final 'for all other purposes.'" United States v. Sanders, 247 F.3d 139, 143 (4th Cir. 2001). Thus, "sentence modifications under 3582 . . . do not constitute new judgments when considering whether a subsequently filed motion is 'second or successive.'" Jackson v. United States, 2013 WL 8184453, at *3 (S.D.W.V. Aug. 9, 2013). Petitioner never received a new judgment so the instant petition is impermissibly successive.

**B. Petitioner's claims are untimely.**

Even if this Court had jurisdiction, the petition should be dismissed because all the claims are time-barred. Petitions filed under 28 U.S.C. § 2255 are subject to a one-year period of limitation. The one-year period runs from the latest of the following:

> "(1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f).

For his sentencing and ineffective assistance of counsel claims, Petitioner does not assert the government stopped him from filing a petition earlier, that the claims are the result of a new right recognized by the Supreme Court, or that he has discovered new facts. Thus, the statute of limitations began running when his judgment of conviction became final. As Petitioner did not directly appeal his conviction, his judgment became final when the time for filing notice of appeal expired. United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (per curiam) (not precedential); see also James v. United States, 2013 WL 3148479, at *2 (W.D.N.C. 2013). Petitioner's judgment was entered on May 29, 2008, D.E. 30, and he had fourteen days to appeal, Fed. R. App. P. 4(b)(1)(A). That means the statute of limitations expired on June 12, 2009. This petition over thirteen years too late.

Any claim that the statute of limitations period for Petitioner's Second Amendment claim runs from the date the Supreme Court decided Bruen fails. The statute of limitations only runs from the date of a Supreme Court decision if the Supreme Court (1) recognized a new right and (2) "made [that right] retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); see also United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012).

Here, Bruen did not create a new right that makes § 924(c) unconstitutional in the way Petition asserts it did. Instead, Bruen merely clarified the Supreme Court's decision in United States v. Heller, 554 U.S. 570 (2008). See e.g. United States v. Daniels, 2022 WL 5027574 (W.D.N.C. Oct. 4, 2022) (nothing in the Bruen decision casts doubt on the longstanding prohibitions on the possession of firearms by felons).

12
Case 2:07-cr-00017-BO   Document 166   Filed 10/17/22   Page 12 of 18

While Bruen recognized individuals have the right to carry handguns for self-defense outside the home, Bruen, 142 S. Ct. at 2122, Petitioner claims the case created a new test to determine if a regulation violates the Second Amendment, and that § 927(c) is unconstitutional under that test, [D.E. 158-1 pp. 1–3]. Yet the Supreme Court was clear that it only "made the constitutional standard endorsed in Heller more explicit." Bruen, 142 S. Ct. at 2119; see also id. at 2118 (noting that "[t]he test that the Court set forth in Heller . . . applies today [and] requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding"); id. ("To determine whether a firearm regulation is consistent with the Second Amendment, Heller and McDonald v. Chicago, 561 U.S. 742 (2010) point toward at least two relevant metrics: first, whether modern and historical regulations impose a comparable burden on the right of armed self-defense, and second, whether that regulatory burden is comparably justified. . . ."). What is more, Petitioner himself asserted that Supreme Court precedent clearly "foreshadowed" Bruen. [See D.E. 158-1 p. 7]. It follows that, if any case restarted Petitioner's statute of limitations under 2255(f)(3), it was Heller. As Heller was decided on June 26, 2008, that circumstance Petitioner would have had until June 26, 2009 to bring his claim.

Yet it is doubtful that even Heller recognized a right that restarted Petitioner's statute of limitations period. "[A] Supreme Court case has [only] "recognized" an asserted right within the meaning of § 2255(f)(3) if it has formally acknowledged that right in a definite way." United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017). Thus, "if the existence of a right remains an open question as a matter of Supreme

Court precedent, then the Supreme Court has not 'recognized' that right." Id. The Supreme Court did not explicitly recognize that nonviolent drug offenders have a right to have and carry handguns. The question is still unresolved as a matter of precedent. Therefore, the statute of limitations for a § 2255 petition did not run from the date either Bruen or Heller was decided; it ran from the date Petitioner's ability to appeal expired, June 12, 2009.

Petitioner also attempts to get around the statute of limitations by arguing that this Court's Order on August 26, 2021, restarted the period. Yet, for the same reason that a sentence modification under 3582 does not constitute a new judgment for purposes of determining if a petition is successive, "sentence modifications under § 3582 do not affect the finality of a criminal judgment for the purpose of assessing the timeliness of a § 2255 motion." Jackson, 2013 WL 8184453, at *3. Indeed, not even a successful motion for resentencing restarts 28 U.S.C. § 2255(f)'s limitations period. United States v. Sanders, 247 F.3d 139, 143–44 (4th Cir. 2001) (finding the 28 U.S.C. § 2255 statute of limitations does not restart after resentencing because it does not change the finality of the judgment under 18 USC § 3582(b)). If a complete resentencing does not restart the clock, a mere modification surely does not.

### C. Petitioner's claims are foreclosed by his plea agreement waiver, except for his claim of ineffective assistance of counsel.

In addition to being impermissibly successive and untimely, Petitioner waived all his claims in his plea agreement, except his claim of ineffective assistance of counsel. In Petitioner's plea agreement, he agreed:

> "To waive knowingly and expressly all rights . . . to contest the conviction or sentence in any postconviction proceeding, including one pursuant to

> 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea."

[D.E. 23 ¶2(c)].

This waiver is valid. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir.2005). "[T]he particular facts and circumstances surrounding th[e] case, including the background, experience[,] and conduct of the accused" determine if the waiver was made knowingly and voluntarily. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). Petitioner does not allege he was unaware of or forced into his plea agreement. Thus, his waiver is valid and forecloses all claims apart from ineffective assistance of counsel. To be sure, the court already found as much, and dismissed Petitioner's first petition as a result. [D.E. 49 p. 5].

### D. Petitioner's Guidelines claim is not cognizable.

Petitioner's claim that his sentence violates the Fifth Amendment and 18 U.S.C. 3553(a) because he was mischaracterized as a career offender is not cognizable on collateral review. "The language of § 2555 makes clear that not every alleged sentencing error can be corrected on collateral review." United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015). Indeed, the only cognizable errors are those that present a "fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974) (internal quotation marks omitted). Notably, a "misapplication of the sentencing guidelines does not amount to a miscarriage of justice." United States v. Mikalajunas, 186 F.3d 490, 495 (4th

Cir.1999); see also United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir.1999). As a result, this Circuit has explicitly held that a prisoner's claim he was mischaracterized as a career offender under the Sentencing Guidelines is not a fundamental defect cognizable on collateral review. Foote, 784 F.3d at 943. Petitioner's claim cannot be collaterally reviewed and thus must be dismissed.

### E. Petitioner fails to state a claim for ineffective assistance of counsel.

Finally, Petitioner does not allege sufficient facts to demonstrate that his counsel was constitutionally ineffective. To do so, Petitioner must establish (1) that defense counsel's performance was deficient, in that counsel's "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) that this deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984).

Courts must apply a "highly deferential" standard in reviewing an attorney's performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. It is not enough "that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it." Murray v. Carrier, 477 U.S. 478, 486–87 (1986). Accordingly, "counsel does not perform deficiently by failing . . . to anticipate changes in law, or to argue for extension of precedent." United States v. Palacios, 982 F.3d 920, 924 (4th Cir. 2020). If a petitioner's claims do not allege constitutionally deficient counsel, a court does not need to consider the element of prejudice. See id. at 927.

As stated, Petitioner argues that he received ineffective assistance of counsel because his attorney did not raise the Second Amendment grounds or contest Petitioner's characterization as a career offender. [D.E. 158-1 p. 7]. He claims this amounted to ineffective assistance because both claims were "foreshadowed" by precedent at the time Petitioner was convicted and sentenced. Id. Yet, by not raising these arguments, Petitioner's attorney merely either failed to predict a change of law or argue that precedent should be extended. Neither constitutes constitutionally deficient assistance. Palacios, 982 F.3d at 924.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the instant petition.

Respectfully submitted this 17th day of October 2022.

        MICHAEL F. EASLEY
        United States Attorney

        BY:   /s/ Michael Bredenberg
        MICHAEL BREDENBERG
        Assistant United States Attorney
        U.S. Attorney's Office, Civil Division
        150 Fayetteville Street, Suite 2100
        Raleigh, NC 27601
        Telephone: (919) 856-4530
        Facsimile: (919) 856-4821
        E-mail: Michael.Bredenberg2@usdoj.gov
        NC State Bar No. 26068
        Attorney for the United States

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this 17th of October 2022, served a copy of the foregoing upon the below-listed party by electronically filing the foregoing with the Court on this date using the CM/ECF system or placing a copy in the United States Mail to the following:

James E. Walton # 19466-056
FCI SANDSTONE
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN  55072

BY:   /s/ Michael Bredenberg
MICHAEL BREDENBERG
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: Michael.Bredenberg2@usdoj.gov
NC State Bar No. 26068
Attorney for the United States